UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | | |
|---|---|---|
| Timothy Patnode, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| American Honda Motor Company, Inc., | ) | **(JURY TRIAL DEMANDED)** |
| South Carolina Manufacturing | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991 ("ADA" and "ADAAA"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Timothy Patnode ("Patnode"), a qualified individual with a disability and/or perceived by Defendant to be disabled, who was adversely affect by such practices. Plaintiff alleges that Defendant American Honda Motor Company, Inc., South Carolina Manufacturing (hereinafter collectively referred to as "Honda of SC"), violated the ADA by failing to provide equal treatment to Plaintiff in the terms conditions privileges and discipline in employment, by failing to provide reasonable accommodations which would permit Patnode to perform his job and by terminating his employment because of his disability. This action is also brought to remedy violations of the Family and Medical Leave Act 29 U.S.C. § 2611(2)(a)(i)(ii) ("FMLA").

1

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, District of South Carolina, Florence Division.

3.  This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

4.  Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

## PARTIES

5.  Plaintiff is a male citizen of the United States and a resident of Florence County at the time of employment with Defendant.

6.  Defendant, American Honda Motor Company, Inc., South Carolina Manufacturing, upon information and belief, is a corporation organized in California, but operating a plant located at 1111 Honda Way, Timmonsville, County of Florence, State of South Carolina and therefore existing under the laws of the State of South Carolina.

2

7.      At all relevant times, Honda of SC has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8.      At all relevant times, Honda of SC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9.      At all relevant times, Honda of SC, has continuously been and is now doing business in the State of South Carolina and the County of Florence, and has continuously had at least fifteen (15) employees.

10.     At all relevant times, Honda of SC, has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

11.     At all relevant times, Honda of SC, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).   Honda of SC is also an employer within the meaning of the Family Medical Leave Act, 29 CFR § 825.104, and employs more than 50 employees.

12.     At all relevant times, Plaintiff, Timothy Patnode, was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8). Plaintiff was also an eligible employee within the meaning of the Family Medical Leave Act, 29 CFR § 825.110.

## STATEMENT OF CLAIMS

13.  Plaintiff was issued a Notice of Right to Sue from the US Equal Employment Opportunity Commission (EEOC) dated July 15, 2024, regarding his charge of disability discrimination and retaliation, EEOC Charge 14C-2023-00856. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII of the Civil Rights Act of 1964 and the South Carolina Human Affairs Laws.

14.  Plaintiff, Timothy Patnode, was most recently employed as a Customer Relations Supervisor in the Quality Department at Honda's South Carolina Manufacturing facility located in Timmonsville, South Carolina.

15.  Prior to transferring to Florence County, Plaintiff had been employed with Defendant since July 1998, working in California as Honda Powersports Customer Relation's (CR) Supervisor/Escalation Specialist.

16.  Plaintiff was performing satisfactorily, earning at least 24 positive yearly performance reviews, with a 2022 "Exceeds Performance" rating. In addition to the yearly bonus, Patnode earned a manager-discretionary-bonus award for his performance April 1, 2021 through March 31, 2022.

17.  In July, 2020, Plaintiff suffered a stroke while working at American Honda Motor Company, Inc.'s Torrance, California location.

18.  Patnode was diagnosed with a spontaneous brain-bleed stroke brought on by Idiopathic Thrombocytopenia (ITP).  He experienced loss of cognitive and physical function.

19.  In February 2021, Plaintiff was cleared by his doctors to work from his home office and American Honda Motor Company resumed his role in the capacity of Escalation Supervisor.

4

20.     With no regard for Plaintiff's recent stroke and recovery or work from home accommodations, American Honda Motor Company, Inc. provided Plaintiff an ultimatum in October 2021 to either relocate to South Carolina by January 3, 2022 or be terminated.

21.     Plaintiff's requests to work from home were denied, and he was forced to relocate across country.

22.     In December 2021, Plaintiff experienced a grand-mal seizure during relocation to South Carolina, resulting in loss of consciousness and several broken/compressed vertebrae.

23.     Approximately September 2022, Plaintiff's CR Supervisor began making false accusations of Plaintiff having a "bad attitude" and began to create a hostile work environment for Plaintiff, treating him differently than other employees and becoming overly critical of Plaintiff's work performance and changing his work phone number without notice.

24.     On December 5, 2022, Defendant held a meeting with Plaintiff regarding comments he made at work that day in jest. Defendant initiated a mandatory investigation regarding "concerning comments", placed Plaintiff on administrative leave and escorted him off the property.

25.     Representative for Defendants informed Plaintiff that his "concerning comments" were either heard or overheard by one or more people and Plaintiff's coworkers noticed that he was more irritable, forgetful and more prone to "constant" outbursts since his stroke 2 years prior.

26.    Defendant HR demanded Plaintiff seek counseling and sign a medical release, so that American Honda Motor Company could confirm that Plaintiff was following the Honda HR and doctor recommendations, or be terminated.

27.    Plaintiff consented to an assessment and completed all required counseling sessions; and the physician advised Plaintiff would benefit from working from an enclosed office or at his home office.

28.    Plaintiff engaged in protected activity of requesting an accommodation and/or fair treatment; to which Defendant denied.

29.    Defendants were informed in February 2023 that Plaintiff was fit for duty.

30.    Defendant HR informed Plaintiff that he was terminated February 8, 2023, 62 days before he would have been eligible for retirement.

31.    Plaintiff attempted to grieve the termination, placing Defendant on notice of the claims of discrimination and failure to accommodate and wrongful termination; and Defendant upheld Plaintiff's termination.

32.    Defendant's treatment of Plaintiff demonstrates Defendant's failure to engage in any FMLA inquiry or ADA interactive accommodation for Plaintiff and failed to provide Plaintiff job protection after being placed on notice of Plaintiff's serious health condition.

33.    When Plaintiff was cleared to return to work and established as fit for duty, Defendant still perceived Plaintiff to be disabled and terminated Plaintiff's employment in disregard of any obligation to place Plaintiff on FMLA leave or perform an interactive ADA accommodation search.

34.    Defendant interfered with Plaintiff's right to FMLA job protection; and Defendant further retaliated against Plaintiff for requesting a fair return to work after medical leave.

35.    Plaintiff is unaware of any non disabled employees similarly situated who were subjected to heightened scrutiny, forced medical evaluation and administrative leave, and termination for joking comments.

36.    On the various dates and occasions, Plaintiff was supervised and disciplined in an unfair, unequal, and/or harassing way, as explained above, which segregated him and adversely affected his status as an employee, because of his race and disability and complaints. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment.

37.    Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory and retaliatory actions of its employees.

38.    Defendant's acts of discrimination and retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights and rights under ADA and FMLA.

39.    Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff.

40.    As a result of the abrupt discriminatory and retaliatory termination, Plaintiff suffered discrimination based on disability, actual or perceived, and retaliation as well as interference with his FMLA rights.

41.    Plaintiff has suffered great economic loss being terminated just before retirement eligibility, impaired reputation, financial and emotional distress, as well as attorney fees and costs of litigation.

## FIRST CAUSE OF ACTION
## (VIOLATION OF FMLA - INTERFERENCE)

42.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 of this Complaint.

43.    Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

44.    At the time of the need for leave, Plaintiff had been employed by Defendant for at least twelve (12) months.

45.    Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to the time needed for leave.

46.    Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked.

47.    Plaintiff was entitled to receive FMLA leave and receive notices and compensation pursuant to the FMLA; and Defendant was not permitted to interfere or retaliate against Plaintiff for exercising his rights under the FMLA.

48.    Defendant was on notice and had acknowledged that Plaintiff suffered from a serious health condition that qualified for FMLA coverage as Defendant forced Plaintiff to submit to medical evaluation.

49. Defendant interfered with Plaintiff's medical leave by refusing to return Plaintiff to work in his original position and terminating Plaintiff despite a doctor's note stating Plaintiff was fit for duty.

50. Defendant failed to properly process Plaintiff's leave as an FMLA protected leave and failed to properly designate Plaintiff's impairment and need for leave as an FMLA qualifying event with the proper notices as required under FMLA.

51. Defendant's policies, improper or unreasonable inquiries, and discipline interfered with Plaintiff's FMLA rights because it interfered with Plaintiff's FMLA right to take FMLA leave without disciplinary action and Plaintiff's FMLA right to be protected for conduct occurring as a result of FMLA triggering events.

52. Plaintiff has suffered great economic loss being terminated just before retirement eligibility, impaired reputation, financial and emotional distress, as well as attorney fees and costs of litigation. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's interference practices in violation of 29 U.S.C. § 2915(a)(1), unless and until this Court grants relief.

### SECOND CAUSE OF ACTION
### (ADA VIOLATION)

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 of this Complaint.

54. Plaintiff was an employee of Defendant, performing satisfactorily with a qualified disability or while being perceived as disabled by Defendants.

55.     At all relevant times, Plaintiff could perform the essential functions of his job with a reasonable accommodation, and was a "qualified individual" with disabilities within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8) and 42 U.S.C. § 12102.

56.     Defendant subjected Plaintiff to a hostile work environment with false allegations and heightened scrutiny and forced leave for medical evaluation; and despite Plaintiff's medical fit for duty results to return to work, Defendant terminated Plaintiff without good cause.

57.     Plaintiff engaged in protected activity in making Defendant aware of his need for accommodation through medical records and communication and engaged in protected activity when complaining of hostile work environment. Defendant's response was to terminate Plaintiff's employment in retaliation for protected activity.

58.     As described above, Defendant's actions and practices – refusing to allow Plaintiff to work properly, perceiving Plaintiff as disabled upon a return to work and then terminating Plaintiff based on his disability, as well as subjecting Plaintiff to an unequal hostile work environment with heightened scrutiny based on his disability, all violate Title I of the ADA, 42 U.S.C. § 12112.

59.     As alleged in preceding paragraphs, Defendants failed to accommodate Plaintiff and effectively terminated him because of his disability in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b).

60.     The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability in violation of Title I of the ADA, 42 U.S.C. § 12112.

61.    The unlawful employment practices complained of above were intentional.

62.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

63.    Plaintiff has suffered great economic loss being terminated just before retirement eligibility, impaired reputation, financial and emotional distress, as well as attorney fees and costs of litigation. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory conduct.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A.    Declaring that the acts and practices complained of are in violation of applicable state and federal laws.

B.    Enjoining and permanently restraining these violations of applicable state and federal laws.

C.    Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D.    Directing Defendants to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits; and liquidated damages pursuant to FMLA because Defendant's violations of the FMLA were willful - Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

11

E.    Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. § 12205 and 42 U.S.C. § 12117;29 U.S.C.A. § 2617(a)(3);

F.    Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) and all applicable state and federal laws in the amount to be determined by a jury;

G.    Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii) and (a)(1)(B);

H.    Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii); and,

I.    Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:___s/ Pheobe A. Clark_____
     **Pheobe A. Clark**
     Federal ID No.  9888
     Post Office Box 13057
     Florence, SC   29504-3057
     Phone: (843) 669-5634
     Fax:     (843) 669-5150

October 8, 2024