IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Patnode, | ) | Case No.: 4:24-cv-05727-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| American Honda Motor Company, | ) | |
| Inc., South Carolina Manufacturing, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") (DE 15) of United States Magistrate Judge Kaymani D. West, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendant American Honda Motor Company, Inc., South Carolina Manufacturing's ("Defendant" or "Honda") Partial Motion to Dismiss or Alternatively, Strike Plaintiff Timothy Patnode's Complaint (DE 1). (DE 9.)[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff Timothy Patnode filed a complaint against his former employer, American Honda Motor Company, Inc., South Carolina Manufacturing, alleging two

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

causes of action: (1) interference under the Family and Medical Leave Act (FMLA) and (2) violations of the Americans with Disabilities Act (ADA). (DE 1, ¶¶ 42–63; DE 15 at 1–2.)

According to the Complaint, Plaintiff had been employed by Defendant since 1998, working initially in California as a customer relations supervisor and later at the South Carolina manufacturing facility. (DE 1, ¶¶ 14–15; DE 15 at 5–6.) In July 2020, Plaintiff suffered a stroke caused by idiopathic thrombocytopenia, resulting in cognitive and physical impairments. (DE 1, ¶¶ 17–18; DE 15 at 6.) He was cleared in February 2021 to resume working from his home office. (DE 1, ¶ 19; DE 15 at 6.) However, in October 2021, Defendant required Plaintiff to relocate to South Carolina by January 3, 2022, or face termination. (DE 1, ¶ 20; DE 15 at 6.)

While relocating, Plaintiff experienced a grand-mal seizure in December 2021, which led to further medical complications. (DE 1, ¶ 22; DE 15 at 6.) Plaintiff alleges that by approximately September 2022, his supervisor began making false allegations about his attitude, creating a hostile work environment, treating him differently from other employees, and changing his work phone number without notice. (DE 1, ¶ 23; DE 15 at 6.)

On December 5, 2022, Defendant held a meeting with Plaintiff over comments he made, initiated an investigation, placed him on administrative leave, and later required him to seek counseling and sign a medical release to confirm his compliance. (DE 1, ¶¶ 24–26; DE 15 at 6–7.) Although Plaintiff's physician indicated he was fit to return to duty, recommending accommodations such as working from home or an

2

enclosed office, Defendant terminated his employment on February 8, 2023, just two months before he would have been eligible for retirement. (DE 1, ¶¶ 27–30; DE 15 at 7.)

Plaintiff claims he attempted to grieve the termination, asserting discrimination, failure to accommodate, and wrongful termination, but Defendant upheld the decision. (DE 1, ¶ 31; DE 15 at 7.) Plaintiff filed an EEOC charge in September 2023, alleging disability discrimination and retaliation, and received a Notice of Right to Sue in July 2024. (DE 1, ¶ 13; DE 15 at 7–8.)

## B. Report and Recommendation

On April 11, 2025, the Magistrate Judge recommended that Defendant's partial motion to dismiss be granted in part and denied in part. (DE 15 at 1.) Specifically, the Magistrate Judge recommended dismissing Plaintiff's claim of an ADA-based hostile work environment due to failure to exhaust administrative remedies. (DE 15 at 10–11.) The Report explained that Plaintiff's EEOC charge, while alleging disability discrimination and retaliation, contains no reference to a hostile work environment or ongoing harassment, nor does it provide factual grounds that would have put the EEOC or the employer on notice of such a claim. (DE 15 at 10–11.)

The Magistrate Judge further recommended dismissing Plaintiff's claims arising from events occurring before December 1, 2022, as time-barred under the 300-day limitations period for filing EEOC charges in South Carolina. (DE 15 at 12–13.) Specifically, paragraphs 15–23 of the Complaint describe events, such as Plaintiff's

3

2020 stroke, work-from-home requests, and relocation to South Carolina, that occurred outside the permissible filing window and are therefore untimely for relief under the ADA or related statutes. (DE 15 at 12–13.)

However, the Magistrate Judge recommends denying Defendant's alternative request to strike those earlier factual allegations under Rule 12(f), concluding that although the claims themselves are time-barred, the allegations may remain in the record for background context or potential relevance to Plaintiff's surviving claims. (DE 15 at 14.) Plaintiff objected to the Report on March 25, 2025. (DE 18.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation, which recommends dismissing references to a hostile work environment and claims based on allegations predating December 1, 2022, as untimely. (DE 18 at 1–2.) First, Plaintiff argues that he did not assert a separate cause of action for hostile work environment but instead referenced the hostile work environment as part of his broader ADA discrimination and retaliation claims. (DE 18 at 2–4.) He contends that the examples provided in the complaint are drawn from the events described in his EEOC charge and are intended as supporting evidence—not as a distinct claim requiring separate administrative exhaustion. (DE 18 at 4–6.)

Second, Plaintiff objects to dismissing factual allegations in paragraphs 15–23 of his complaint as untimely, arguing that he never advanced these events as separate claims but included them to show a "pattern and practice" of discrimination. (DE 18 at 4–7.) He contends that prior acts, even if outside the charge period, are admissible as background evidence to establish discriminatory intent or pretext under the McDonnell Douglas framework. (DE 18 at 6–7.) Plaintiff cites supporting legal authority, including *Lowery v. Circuit City Stores, Inc.* 158 F.3d 742, 760 -61 (4th Cir. 1998), and *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), to argue that earlier incidents can help prove timely claims and should not be categorically excluded at the pleading stage. (DE 18 at 5–7.)

That said, the Magistrate Judge correctly applied governing law by recognizing that Plaintiff's EEOC charge defined the scope of permissible claims in this litigation. Although Plaintiff now characterizes the "hostile work environment" language as merely descriptive, the complaint repeatedly uses this label (DE 1, ¶¶ 56, 58), creating ambiguity about whether Plaintiff was asserting it as an independent claim. The Magistrate Judge properly concluded that, to the extent Plaintiff sought to litigate a hostile work environment theory under the ADA, such a claim was not exhausted before the EEOC and is thus barred. (DE 15 at 10–11.)

Additionally, while Plaintiff argues that the allegations in paragraphs 15–23 are presented only as background, not as separate claims, the Magistrate Judge's recommendation did not strike or exclude these allegations from the record altogether. Rather, the recommendation narrowly determined that discrete acts predating December 1, 2022, are time-barred and cannot independently support relief. (DE 15 at 12–13.) This is consistent with Supreme Court and Fourth Circuit precedent holding that discrete acts of alleged discrimination or retaliation occurring outside the limitations period are untimely and cannot be revived simply by characterizing them as part of a continuing pattern. *See Morgan*, 536 U.S. at 113. However, as the Magistrate Judge acknowledged, these allegations may remain in the record as contextual background, which preserves their evidentiary value without converting them into actionable claims. (DE 15 at 14.)

Thus, the Report appropriately balances the distinction between dismissing time-barred claims and allowing relevant background facts to inform timely claims.

6

Plaintiff's objections do not identify any legal or factual error in this approach and are, therefore, overruled.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 15) in its entirety and incorporates it herein by reference.

It is therefore **ORDERED** that Defendant American Honda Motor Company, Inc., South Carolina Manufacturing's Partial Motion to Dismiss (DE 9) is **GRANTED**:

1. To the extent it seeks dismissal of Plaintiff's claim of a hostile work environment, and

2. To the extent it seeks specific relief for allegations before December 1, 2022.

Defendant's alternative request that certain paragraphs of Plaintiff's Complaint be struck under Rule 12(f), Federal Rules of Civil Procedure, is **DENIED**.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 30, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.